UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANTA GREEN; KELVIN ARRINGTON,

                Plaintiff,

-against-

MZ 2640 OWNER LLP; DESIREE PARKEY; MZ HOUSING DEVELOPMENT OF FUND CO.,

                Defendants.

24-CV-2529 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiffs Shanta Green and Kelvin Arrington bring this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Moreover, under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a).

      Plaintiff Shanta Green submitted and signed the complaint and included an incomplete IFP application, with Green's name typed on the application. Plaintiff Kelvin Arrington did not sign the complaint or the incomplete IFP application, nor did he submit his own IFP application.

      Accordingly, within thirty days of the date of this order, Plaintiffs must either pay the $405.00 in fees or both Green and Arrington must submit and sign their own IFP applications. If both Plaintiffs submit their own IFP application, the applications should be labeled with docket number 24-CV-2529 (LTS). If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

Moreover, Arrington is directed to submit a signature page of the complaint with an original signature to the court within thirty days of the date of this order. A copy of a signature page is attached to this order.

No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 5, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge